## Keystone Realty and Insurance Company v. Casten et al.

*Blumberg & Sork,* for plaintiff; *Samuel R. Greenwald,* for defendants.

LAMBERTON, J., May 26, 1932.—Plaintiff, on July 22, 1929, issued a writ of replevin to retake from defendant, Louis S. Casten, certain machinery. The sheriff, on serving the writ, found the machinery in the possession of Israel Stein, constable, whose name was thereupon added to the writ as a defendant. Plaintiff filed a statement of claim, averring that the machinery in question had been delivered by plaintiff to defendant Casten, under a conditional sale agreement, and that Casten had defaulted in his payments thereunder. Defendant Stein filed an affidavit of defense and counterclaim, in the latter of which he set forth that the machinery in question had been previously repossessed by plaintiff on or about June 7, 1929, under a writ of replevin issuing out of Court of

Common Pleas No. 4 of Philadelphia County, at which time also it was found in the possession of defendant Stein, who held the same by virtue of a distraint for rent, issued on behalf of Samuel Crown, who was the landlord of defendant Casten; that said machinery was then delivered by the sheriff to plaintiff and plaintiff entered into an oral lease with said Samuel Crown and Israel Stein, whereby plaintiff agreed to pay Crown and Stein the sum of $200 in return for permission to store said machinery on the premises of Crown for one month; that said machinery was stored in said premises for six weeks, but plaintiff neglected and refused to pay the rent; that thereupon defendant Stein again levied upon said machinery at the instance of said Crown to recover the rent owing by plaintiff to Crown and Stein under said oral lease, to wit, $200; that said machinery was in the possession of said Stein by virtue of said distraint when the same was seized by the sheriff under the writ of replevin in this case; that, in addition to said sum of $200, there is due and owing to defendant Stein the sum of $73.85 for costs and advertising in connection with the distraint against plaintiff.

Endorsed on this counterclaim was a notice to plaintiff to file a reply within fifteen days, etc. Plaintiff filed no reply and defendant Stein took a rule on plaintiff for judgment for want of a reply to defendant's counterclaim, which was made absolute by this court on February 29, 1932, and judgment entered accordingly. Plaintiff has now taken a rule to show cause why this judgment should not be stricken off, arguing that no counterclaim can be filed in such a case as this and that the judgment was, therefore, improperly entered.

The Replevin Act itself contains no provision for the filing of a counterclaim, but Rule No. 68 of the common pleas courts provides as follows: "In all actions of replevin in which the defendant does not claim ownership of the property replevied but claims a lien upon the property or a right therein under distraint for rent, the defendant shall assert such claim in his affidavit of defense, in like manner and form as is required for counterclaims in actions of assumpsit under the Practice Act; and thereafter the same practice and procedure shall be had as in such actions, and judgment may be entered against the plaintiff for want of a reply or for an insufficient reply, as the case may require."

Counterclaims in actions of replevin are, therefore, proper only when within the wording of this rule. Plaintiff contends that this rule does not apply, since this is not a landlord and tenant case. If the counterclaim had been filed by Stein in the original action of replevin, wherein plaintiff retook the machinery when in the possession of Stein under distraint against Casten, plaintiff's argument would be sound. But that is not the issue before us. In the present case, according to the counterclaim, the machinery was replevied by plaintiff when in the possession of Stein under distraint against plaintiff for rent owing by plaintiff. Stein claims a right in the machinery under the distraint for rent, as Rule 68 provides, and it was not only his right but his duty under said rule, if he wished at any time to assert such claim, to do so in the manner which he has adopted in this case. The record is, therefore, regular on its face and the judgment cannot be stricken off.

Since plaintiff's failure to file a reply may have been due to a misconception on a point of law, which at best is somewhat beclouded, if counsel comes before the court in a proper proceeding and with an averment of a reply to defendant's counterclaim raising issues which should be submitted to a jury, we have no doubt that the court will afford plaintiff such remedy as is necessary to avoid injustice.

And now, to wit, May 26, 1932, the rule to show cause why the judgment in the above matter should not be stricken from the record and from the judgment docket is discharged.